SHIRLEY DIANE SAVAGE,

          Plaintiff,

    v.

CAMDEN COUNTY
CORRECTIONAL FACILITY,

          Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-08199 (JBS-AMD)

**OPINION**

APPEARANCES

Shirley Diane Savage, Plaintiff Pro Se
106 N. 7th Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Shirley Diane Savage seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF"), Municipal Court of Camden ("Municipal Court"), Judge Traben ("Traben"), Judge Freibert ("Freibert"), and unnamed judges presiding in pending court proceedings where Plaintiff is a party ("Unnamed Judges") (Traben, Freibert, and Unnamed Judges collectively referred to as "the Judges") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any

claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  For the reasons set forth below, this Court will dismiss the Complaint with prejudice in part and dismiss it without prejudice in part, as follows:

   a. Claims made against CCF are dismissed with prejudice;

   b. Claims for false arrest / false imprisonment of Plaintiff in 2010 are dismissed with prejudice for failure to state a claim, on the grounds that such claims are time-barred under the statute of limitations;

   c. Claims for false arrest / false imprisonment arising from Plaintiff's arrest and incarceration prior to November 3, 2014 (*i.e.*, two years before the date Plaintiff filed her Complaint in this present case) are dismissed with prejudice, on the grounds that such claims are time-barred under the statute of limitations;

   d. Claims for false arrest / false imprisonment arising from Plaintiff's arrest and incarceration on or after November 3, 2014 are dismissed without prejudice;

e. Claims made against Municipal Court, the Judges, and the Unnamed Judges are dismissed with prejudice, on the grounds of absolute judicial immunity from suit; and

f. Claims for overcrowded conditions of confinement are dismissed without prejudice, on grounds of insufficiency of pleading for Plaintiff's failure to (i) specifically name the party(ies) whom Plaintiff alleges are liable on the overcrowded conditions of confinement claim, and (ii) set forth sufficient factual support for this Court to infer that a constitutional violation has occurred.

## Standard of Review

4. To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### Claims Against CCCF: Dismissed With Prejudice

5.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

(3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7.     Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.*

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

*Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8.   Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

**Conditions Of Confinement Claim - Overcrowding Allegation: Dismissed Without Prejudice**

9.   As to Plaintiff's allegations of overcrowding at CCF (*e.g.*, Complaint § III(C) ("I was made to sleep on the floor. I said I can't go in the[re], it's dirty")), the Court will dismiss the Complaint without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii), and for failure identify a responsible party(ies), as explained below.

10.  First, the present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there

6

is not enough factual support for the Court to infer a constitutional violation has occurred.

11.   A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12.   However, with respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states that "in both incidents [in] 2010 & 2014[,]" there was "no criminal act they picked me up for nor a motor vehicle violation . . . I told the officer I don't belong here. I'm innocent. My license is suspended by error, by Judge Traben, I never failed to appear. I've been before this court several times. He returned my money each time I showed up . . . They wouldn't call the court nor allow me a phone call . . . They just took me upstairs[.] No phone call[,] no attorney public defender . . . I told Judge Freibert I broke no law. She interrupted me every chance she got. Their [*sic*] was no reason for me to be held in that nasty, dirty jail. I probably was the only person in that jail that had not committed a crime." *Id*. § V. Plaintiff states further: "In 2014, I was made to sleep on the floor . . . [I] wash[ed] in a sink because of nasty shower. No shower shoes were given." *Id*. § II(B), § III(C).

13.   Plaintiff does not identify or describe any injuries sustained in connection with these events. *Id*. § IV (blank).

14. With respect to requested relief, Plaintiff seeks "punitive damages[,] all my monies returned, and a hearing based on all [that] the judges did and allowed to happen unto me, expected and returned being held [*sic*] for slander a mental evaluation never been crazy a day in my life. I want these correctional officers to know what the depth of the law is." *Id*. § V. Plaintiff "demand[s] justice. This jail and its corruption for holding me should be brought to justice without saying very angrily [*sic*]." Complaint, Docket Entry 1, at 5.

15. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in connection with Plaintiff "sle[e]p[ing] on the floor" (Complaint § III(C)), any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

16. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the

Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

17.   Second, Plaintiff has not named a responsible party as to her allegations of overcrowded conditions of confinement. Even though *pro se* pleadings are construed liberally and given the benefit of all reasonable inferences, Plaintiff still bears the burden of supplying the facts of her claim. *See, e.g.*, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("*pro se* litigants still must allege sufficient facts in their complaints to support a claim"). It is not for the Court to speculate as to which party(ies) the Plaintiff attributes

liability for her overcrowded conditions of confinement claim, given that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

18. Plaintiff may be able to amend the Complaint to: (a) particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes; and (b) specifically name the potentially responsible party(ies) liable under this claim. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 90 days of the date of this Opinion.[3]

19. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement, including the dates. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[4]

---

[3] The amended complaint shall be subject to screening prior to service.

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to November 3, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period

20.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and Order.

---

for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after November 3, 2014.

**Claims Of False Arrest / False Imprisonment:**
**(1) Dismissed With Prejudice As To 2010 Arrest/Incarceration;**
**(2) Dismissed With Prejudice As To Arrest/Incarceration Prior**
**To November 3, 2014; and**
**(3) Dismissed Without Prejudice As To Arrest/Incarceration On**
**Or After November 3, 2014**

21.   Construing the Complaint to assert false arrest / false imprisonment claims against an unnamed party(ies) in connection with Plaintiff's purported arrests and incarcerations in "2010 & 2014" (Complaint § III(C)), the Complaint must be: (a) dismissed with prejudice as to such claims arising from arrests and incarcerations in 2010 ("2010 Events"); (b) dismissed with prejudice as to such claims arising from arrests and incarcerations prior to November 3, 2014 (two years prior to the date Plaintiff filed her Complaint in this case); and (c) dismissed without prejudice as to such claims arising from arrests and incarcerations on or after November 3, 2014.

22.   With respect to all arrest and incarceration events in 2010 and 2014, Plaintiff claims to have had "no admittance of guilt, no indictment, [and] no criminal act they picked me up for . . . They just took me upstairs [at CCCF]." Complaint § III(C). Plaintiff states: "There was no reason for me to be held in that nasty, dirty jail. I told them I'm no liar, nor criminal. I probably was the only person in that jail that had not committed a crime." *Id*. § V.

23.  Plaintiff's claims for false arrest / false
imprisonment implicate statute of limitations and sufficiency of
pleading issues, as described below.

24.  First, false arrest / false imprisonment claims as to
the 2010 Events must be dismissed with prejudice because the
statute of limitations has expired for these claims. Civil
rights claims under § 1983 are governed by New Jersey's
limitations period for personal injury and must be brought
within two years of the claim's accrual. *See Wilson v. Garcia*,
471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603
F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of
action accrues 'when the plaintiff knew or should have known of
the injury upon which the action is based.'" *Montanez v. Sec'y
Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting
*Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). Accrual of a
claim for false arrest occurs on the date that a plaintiff "was
arrested and charges were filed against him." *Singleton v. DA
Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011). "[A] claim
of false arrest, and the accompanying claim for false
imprisonment, begins to accrue immediately upon the arrest at
issue[;] [however,] the statute of limitations does not begin to
run at the same time. Instead, the statute of limitations for a
false arrest / imprisonment claim begins to run 'when the
individual is released, or becomes held pursuant to legal

process,' *i.e.*, is arraigned." *Clark v. Warren County Prison*, No. 15-6174, 2016 WL 5858985, at *3 (D.N.J. Oct. 6, 2016) (internal citations omitted). Here, Plaintiff contends that she was held pursuant to legal process in 2010. Complaint § III(C). She filed the Complaint in this instant matter on November 3, 2016. Docket Entry 1. Accordingly, Plaintiff's § 1983 claims against unnamed parties arising from the 2010 Events are time-barred.

25.  Second, claims arising from Plaintiff's arrests and incarcerations prior to November 3, 2014 must be dismissed with prejudice, as they are time-barred.  The two-year statute of limitations on these claims expired more than two years prior to the November 3, 2016 date when Plaintiff filed her Complaint in this case.

26.  Finally, claims arising from Plaintiff's arrest(s) and incarceration(s) on or after November 3, 2014 ("Late 2014 Events") must be dismissed without prejudice for insufficiency of pleading. There are two elements for assertion of a prima facie claim for false arrest: (1) constraint of the person against her will (2) that is without legal justification. *Gibson v. Superintendent of NJ Dep't of Law and Public Safety-Division of State Police*, 411 F.3d 427, 451 (3d Cir. 2005). *Accord Geissler v. City of Atlantic City*, 198 F. Supp.3d 389, 397 (D.N.J. 2016) ("Under federal and New Jersey law, a plaintiff

states a claim for false imprisonment by demonstrating that (1) she was detained and (2) the detention was unlawful"). While Plaintiff's claims arising from arrests and incarcerations on or after November 3, 2014 (*i.e.*, two years before the date Plaintiff's Complaint was filed) would not be *per se* time-barred under the two-year statute of limitations, Plaintiff has failed to set forth: (a) the identity of the person(s) liable under such claims; and (b) sufficient facts from which this Court can reasonably infer that such arrests and incarcerations were without legal justification, as required to demonstrate the second element of a claim for false arrest / false imprisonment. *Gibson*, 411 F.3d at 451; *Geissler*, 198 F. Supp.3d at 397. Plaintiff's Complaint contains scant, if any, facts pertaining to her alleged false arrest and imprisonment in "2014," other than her repeated suggestions that the charges, arrests, and detention lacked merit. Complaint § III(C), § V ("I'm no liar, nor criminal. I probably was the only person in that jail that had not committed a crime"). Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive sua sponte screening. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555). As such, Plaintiff does not sufficiently plead a claim for false arrest / false imprisonment as to the Late 2014 Events. Moreover, Plaintiff has not named a responsible party(ies) as to

false arrest / false imprisonment allegations. Plaintiff bears the burden of supplying the facts of her claims, including identification of the particular party(ies) whom she alleges are liable. *Mala*, 704 F.3d at 245; *Pliler*, 542 U.S. at 231. Plaintiff may be able to amend the Complaint to: (a) particularly set forth facts from which the Court can infer that the Late 2014 Events were not legally justifiable, and (b) identify the allegedly responsible party(ies). To that end, these claims will be dismissed without prejudice, with leave to amend the Complaint within 90 days of the date of this Opinion to meet the pleading deficiencies noted above, if Plaintiff elects to do so.

<u>**Claims Against Municipal Court And The Judges:**</u>
<u>**Dismissed With Prejudice**</u>

27. Plaintiff alleges that her "license is suspended by error, by Judge Traben c[our]t. I never failed to appear. I've been before the c[our]ts several times. [H]e returned my money each time I showed up[,] telling ct adm Martha Shaw to return my money unto me." Complaint § III(C).

28. Plaintiff also contends that she "told Judge Freibert I broke no law. She interrupted me every chance she got. Their [*sic*] was no reason for me to be held in that nasty, dirty jail." *Id*. § V. Plaintiff alleges that "Judge Freibert said I

waisted [*sic*] my time in jail. As if I volunteered to be there."
*Id.* § III(C).

29.  As to the Unnamed Judges, Plaintiff alleges improper
conduct by the "judges in video ct" (Complaint § V ("The judges
in video ct should be told about respect and how they treat
inmates")), and she "demand[s] justice on all my other cases as
well." Complaint, Docket Entry 1, at 5.

30.  The Court construes Plaintiff's references to her
court appearances regarding driver's license suspension, motor
vehicle violations, and other non-specific charges (Complaint §
III(C), § V) as contentions regarding charges for which she
appeared in Municipal Court of Camden.

31.  The claims brought against Municipal Court, the
Judges, and the Unnamed Judges must be dismissed with prejudice
as they have absolute judicial immunity. "It is a well-settled
principle of law that judges are generally 'immune from a suit
for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440
(3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11
(1991)). "A judge will not be deprived of immunity because the
action he took was in error, was done maliciously, or was in
excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356
(1978). Furthermore, "[a] judge is absolutely immune from
liability for his judicial acts even if his exercise of
authority is flawed by the commission of grave procedural

errors." *Id.* at 359. "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for non-judicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Neither of these exceptions apply here.

32. All of the Judges' actions as described by Plaintiff purportedly took place in connection with Plaintiff's post-arrest proceedings. Complaint § III(C), § V. The Complaint suggests similarly as to the Unnamed Judges. *Id*. at 5. Plaintiff's allegations of bad faith, even if true, would not deprive the Judges or Unnamed Judges of their immunity, as judicial immunity is not overcome by allegations of bad faith or malice. *Id.* at 11; *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial"). Plaintiff has not set forth any facts that would suggest that the Judges or Unnamed Judges engaged in

nonjudicial acts, nor has Plaintiff alleged facts demonstrating that the Judges' or Unnamed Judges' actions were taken in the clear absence of all jurisdiction. Ruling on matters such as driver's license suspension and motor vehicle charges is an integral part of the judicial function and was within the Municipal Court's, the Judges' and the Unnamed Judges' jurisdiction as the court and judges overseeing Plaintiff's post-arrest proceedings. The Municipal Court, the Judges, and the Unnamed Judges are therefore entitled to complete judicial immunity, and the claims against them must be dismissed with prejudice.

## Conclusion

33.  For the reasons stated above, Plaintiff's Complaint is dismissed with prejudice in part and dismissed without prejudice in part. The Complaint is:

(a) is dismissed with prejudice as to claims made against CCF;

(b) dismissed with prejudice for failure to state a claim as to alleged false arrest / false imprisonment of Plaintiff in 2010, on the grounds that such claim is time-barred under the statute of limitations;

(c) dismissed with prejudice for failure to state a claim as to false arrest / false imprisonment of Plaintiff prior

to November 3, 2014, on the grounds that such claim is
time-barred under the statute of limitations;

(d) dismissed without prejudice for failure to state a
claim as to false arrest / false imprisonment of Plaintiff
on or after November 3, 2014, on the grounds that the
Complaint: (i) sets forth no facts from which the Court can
infer that such arrest and incarceration were without legal
justification, and (ii) does not identify the potentially
responsible party(ies) whom Plaintiff alleges are liable
under such claim. As to such claims, this Court grants
Plaintiff leave to amend the Complaint within 90 days of
the date of this Opinion, if Plaintiff elects to do so. Any
such amended complaint shall be subject to screening under
28 U.S.C. § 1915. Upon Plaintiff's failure to file such an
amended complaint, these claims shall be subject to
dismissal without further notice for failure to state a
claim;

(e) dismissed with prejudice as to claims made against
defendants Municipal Court of Camden, Judge Traben, Judge
Freibert, and unnamed judges of Municipal Court, as these
defendants have absolute judicial immunity from suit; and

(f) dismissed without prejudice for failure to state a
claim as to conditions of confinement from alleged
overcrowding at Camden County Correctional Facility, 28

U.S.C. § 1915(e)(2)(B)(ii). Such claim will be subject to further judicial review under 28 U.S.C. § 1915 upon Plaintiff's filing of an amended complaint within 90 days after the date of this Opinion that: (i) specifically names the party(ies) whom Plaintiff alleges are liable on the overcrowded conditions of confinement claim, and (ii) sets forth sufficient factual support for the Court to infer that a constitutional violation has occurred. Any such amended complaint shall be subject to screening under 28 U.S.C. § 1915. Upon Plaintiff's failure to file such an amended complaint, the overcrowded conditions of confinement claim shall be subject to dismissal without further notice for failure to state a claim.

34. An appropriate order follows.


**April 26, 2017**                           **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge